IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VASUDEVAN SOFTWARE, INC., | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:09-CV-105-TJW |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORP. AND | § | |
| ORACLE CORP., | § | |
| | § | |
|    *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Northern District of California. (Dkt. No. 39.) After carefully considering the facts and arguments presented and the applicable law, the Court GRANTS Defendants' motion to transfer.

### I.  BACKGROUND

Plaintiff Vasudevan Software, Inc. ("Plaintiff" or "VSi") brings this patent infringement lawsuit alleging that defendants International Business Machines Corporation ("IBM") and Oracle Corporation ("Oracle") (collectively "Defendants") infringe U.S. Patent Nos. 6,877,006 and 7,167,864 (together, the "patents-in-suit").

### II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id.* at 315.

The Court noted, however, that the relevant factors to be considered in ruling on a §1404(a) motion are the same as those in the *forum non conveniens* context. *Id.* at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to

be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

## III.   DISCUSSION

There is no dispute that this case could have been filed in the Northern District of California. As demonstrated below, the Court has reviewed the factors that must be considered and weighed to determine a ruling on the motion to transfer venue. The Court finds that, based upon the factors analyzed below, transfer is appropriate.

### 1.   Private Factors

#### a. Convenience of the parties and witnesses and costs of attendance for witnesses

The Court will first assess the convenience of the parties involved. Plaintiff filed suit in the Marshall Division of the Eastern District of Texas. VSi is a North Carolina corporation, with its principal place of business in Winston-Salem, North Carolina. Plaintiff has no connection to the Eastern District of Texas. Defendant IBM is a New York corporation with its principal place of business in Armonk, New York. IBM's design and development of the allegedly infringing products occurred primarily in the Northern District of California. Defendant Oracle has its principal place of business in California. Oracle's design and development of the allegedly infringing products occurred primarily in the Northern District of California. None of the parties has any significant ties to this judicial district. As a whole, the Court finds that the Northern District of California would be more convenient for the parties than this District.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases

in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* The vast majority of likely IBM and Oracle witnesses are located in the Northern District of California. None of the parties' witnesses are located in this District. Plaintiff VSi identifies various potential party and non-party witnesses who are closer to this district and who might have relevant information. As a whole, the Court finds that the Northern District of California would be more convenient for the parties' witnesses than this District.

      Therefore, the Court finds that this factor favors transfer.

### b. The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Plaintiff has no documents located in Texas and its documents are located in North Carolina. Most of the relevant IBM and Oracle documents are located in the Northern District of California.

      Therefore, the Court finds that this factor favors transfer.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. The parties have identified some third party witnesses in the Northern District of California over which that Court has subpoena power

4

and some potential third party witnesses in this District. Therefore, the Court finds this factor is neutral as to transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court is unaware of any practical problems that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

### 2. Public Interest Factors

### a. The administrative difficulties flowing from court congestion

The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

### b. The local interest in having localized controversies decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. None of the underlying actions in this case occurred in this District. Each accused IBM and Oracle product was designed and developed in the Northern District of California, and the vast majority of the relevant documents and witnesses for the Defendants are located in the Northern District of California. Although Oracle maintains a facility in Plano, Texas, where it offers training classes for Oracle's allegedly infringing products, there appears to be no to little connection between that facility and the witnesses, evidence, and facts in this case.

Therefore, the Court finds that this factor favors transfer.

### c. The familiarity of the forum with the law that will govern the case

The proposed transferee forum is familiar with the law that could govern this case. This Court is familiar with that law as well. Therefore, the Court finds this factor is neutral as to transfer.

      **d. The avoidance of unnecessary problems of conflicts with laws**

The Court finds that this factor is inapplicable in this transfer analysis.

## IV. CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding Defendants' motion to transfer. The Court finds, based on the consideration of both private and public interest factors in this case, that the Northern District of California is a more convenient forum than this District. The Court therefore GRANTS Defendants' motion to transfer to the Northern District of California. (Dkt. No. 39.)

    IT IS SO ORDERED.

SIGNED this 10th day of November, 2009.

                                                      _____
                                                      T. JOHN WARD
                                                      UNITED STATES DISTRICT JUDGE